**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE QUIROZ,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **11 C 2072** |
| | ) | |
| **FEDERAL BUREAU OF** | ) | |
| **INVESTIGATION AGENT ROBERT** | ) | |
| **HALL, et al.,** | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Jose Quiroz was indicted on drug trafficking charges and arrested in Chicago in April of

2009 pursuant to a warrant issued by a federal court in the Northern District of Indiana. From the

beginning, Mr. Quiroz insisted that he was not the individual sought in the indictment. After the

government voluntarily dismissed the charges without prejudice in October of 2010, Mr. Quiroz

filed this action against nine federal agents (Robert Hall, Lana Sabata, Jessica Salley, Daniel

Mitten, Mickey French, David Coulson, Roger Crafton, Larry Robertson, and Justin Illyes) and

the United States contending that his arrest violated his Fourth and Fourteenth Amendment

constitutional rights as well as Indiana law. The defendants have filed a motion to transfer this

action to the Northern District of Indiana pursuant to 28 U.S.C. §1404(a). Alternatively, they

seek to dismiss this action pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil

Procedure. For the following reasons, the motion to transfer is granted. The court, therefore,

will not consider the motion to dismiss.

I.      **Background**

The following facts are drawn from the complaint. The court also takes judicial notice of

the docket in *United States v. Crawford, et al.*, No. 2:08-CR-214-JTM-APR (N.D. Ind.). On

April 22, 2009, after conducting surveillance and investigation regarding a man whose nick-name was "Chu," Federal Bureau of Investigation ("FBI") agents arrived at Mr. Quiroz's home, where Mr. Quiroz, his wife, and his four year old son were present.  The agents searched the house but did not find any drugs.  They nevertheless arrested Mr. Quiroz, who was ultimately charged with one count of drug conspiracy and four counts of using a telephone to facilitate a drug felony.  *See United States v. Crawford, et al.*, No. 2:08-CR-214-JTM-APR (N.D. Ind.).  After a hearing before a magistrate judge on the day of his arrest, Mr. Quiroz was ordered detained, but the following day, the magistrate judge appointed counsel for Mr. Quiroz and released him on his own recognizance.

Following his arrest, Mr. Quiroz learned that the agents were looking for Chu, whom they believed had tattoos on his back.  The agents had heard Chu on intercepted telephone calls and observed him on surveillance footage.  In addition, several days before the arrest, agents saw Chu drive down the street where Mr. Quiroz lives, turn around in his driveway, park on the street, and go into a nearby house.  When agents asked Mr. Quiroz if he was Chu, he signed a Miranda waiver and told the agents that he was not Chu, did not have any tattoos, and was a construction worker who lived in Chicago.

In October of 2009 the grand jury returned a second superseding indictment that realleged the same charges against Mr. Quiroz/Chu.  In October of 2010, the government moved to dismiss the charges against Mr. Quiroz without prejudice.  That motion was granted on November 1, 2010.

On March 25, 2011, Mr. Quiroz filed this federal civil rights suit against "Federal Agent Robert Hall and Unknown Federal Agents."  He filed an amended complaint on April 19, 2011,

naming the nine federal agents who are currently defendants in this case: (1) Robert Hall, Lana Sabata , Jessica Salley and Daniel Mitten, FBI or ATF agents responsible for "the investigation and participated in major decisions related to the arrest and prosecution" of Mr. Quiroz, who all allegedly obtained a search warrant for the Quiroz home even though they knew there was no probable cause, Complaint at ¶¶ 8. 19; (2) Mickey French, David Coulson, and Roger Crafton (ATF agents who conducted surveillance of a car believed to be driven by Chu and were allegedly aware that Mr. Quiroz was not Chu); (4) Larry Robertson (an officer with the Gary, Indiana, Police Department who served as the Task Force agent to the ATF and also allegedly reviewed the car surveillance of a car believed to be driven by Chu, allegedly knew that Mr. Quiroz was not Chu, and conducted the custodial interview after Mr. Quiroz was arrested); (5) Justin Illyes (a member of the Gary Indiana Police Department who reviewed surveillance of a car believed to be driven by Chu and allegedly knew that Mr. Quiroz was not Chu); and (6) the United States.

In his second amended complaint, Mr. Quiroz contends that the individual defendants falsely arrested him (Count I), violated his right to due process by withholding exculpatory evidence (Count II), failed to intervene to prevent a violation of his constitutional rights (Count III), and conspired to violate his constitutional rights (Count IV). He also asserts that the United States is liable under the Federal Tort Claims Act for the individual defendants' malicious prosecution of him in violation of Indiana law (Count V). The defendants' motions to transfer and dismiss are presently before the court.

II.     **Discussion**

A.      **Motion to Transfer**

The defendants seek to transfer this case to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. §1404(a), which provides that, "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Under § 1404(a), the party seeking transfer must demonstrate that:  (1) venue is proper in the transferor court; (2) venue would be proper in the transferee court; and (3) transfer will serve the convenience of the parties and witnesses and promote the interests of justice.  *See, e.g., Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  The party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *see also Research Automation, Inc. v. Schrader Bridgeport Intern., Inc.,* 627 F.3d 973, 981 (7th Cir. 2010).

In this case, the parties agree that the first two prongs of §1404(a) are satisfied as venue is proper in both this district and the proposed transferee district.  Thus, the court will focus on the private interest factors (the convenience of the parties and witnesses) and the public interest factor (the interests of justice).

1.      **Convenience of the Parties and Witnesses**

When evaluating the private interest factors, the court considers: (1) the plaintiffs' choice of forum; (2) the situs of material events; (3) the availability of evidence in each forum; (4) the convenience of the witnesses; and (5) the convenience of the parties litigating in the respective

-4-

forums. *Research Automation*, 526 F.3d at 978. The court also considers whether the parties have met their burden of specifically identifying the witnesses they intend to call, as well as the general content of the witnesses' proposed testimony. *Mattsson By and Through Mattsson v. Gerry Wood Products Co.*, No. 95 C 2314, 1997 WL 158334, at *1 (N.D. Ill. Mar. 31, 1997).

### a.    Plaintiff's Choice of Forum

The plaintiff's choice of forum is given substantial weight when considering whether transfer is appropriate. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Amorose v. C.H. Robinson Worldwide, Inc.* 521 F.Supp.2d 731, 736 (N.D. Ill. 2007). Because Mr. Quiroz works and resides in Chicago, his choice of forum significantly weighs against transfer.

### b.    Situs of Material Events

Although the plaintiff's choice of forum is generally given deference, it is given less weight if "another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F.Supp. 2d 1039, 1044 (N.D. Ill. 2007). Here, the federal prosecution took place in Indiana. Mr. Quiroz nevertheless contends that the fact that his home in Chicago was searched and he was arrested in Chicago demonstrate that this district has a significant tie to his claims. He also notes that warrants and phonetaps were executed in Chicago.

There is no dispute, however, that Mr. Quiroz was arrested pursuant to a warrant issued by an Indiana court. The government correctly notes that any claims flowing from the issuance of the warrant would be based on information provided to the prosecutor and grand jury in Indiana. Moreover, the government represents that all of the wiretaps and warrants relating to his

prosecution were applied for and issued by a judge in the Northern District of Indiana. The court thus finds that the situs of material events factor favors Indiana.

### c. Availability of the Evidence

The parties agree that given the modest distance between the two fora and the ease of managing documents electronically, the availability of evidence factor is in equipoise. *See, e.g., CoolSavings.Com, Inc. v. IQ. Commerce Corp.,* 53 F.Supp. 2d 1000, 1006 (1999).

### d. Convenience of the Parties

When seeking transfer, the movant bears the burden of showing that one location will be clearly more convenient. *Research Automation*, 526 F.3d at 978. The defendants concede that neither forum would pose an overwhelming hardship for the parties. Dkt. 77, Page ID#260. The defendants are forty-four miles apart from the courthouse in Chicago, while Mr. Quiroz's home is twenty miles from the courthouse in Hammond. "[W]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). The convenience of the parties factor thus modestly favors Mr. Quiroz.

### e. Convenience of the witnesses

The party seeking transfer must specify the witnesses it expects to call and summarize their expected testimony. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167-68 (N.D. Ill. 1995). The defendants state that all of their witnesses reside in Indiana, with the exception of one who was transferred to Tennessee, but do not provide any specifics about the identity of their potential witnesses or their anticipated testimony. However, Mr. Quiroz does not dispute that many of the

defendants' witnesses are in Indiana.  Dkt. 84, Page ID#294.  Instead, he asserts (without

providing any specifics about their anticipated testimony) that his family members reside in

Chicago and defendant Robert Hall works in "the Chicago suburbs."  *Id*.

Mr. Quiroz has not raised an excessive force claim or any other claim that is based on the

facts surrounding his arrest.  Instead, all of the claims in this case turn on the allegedly wrongful

charges brought against him in the Indiana criminal case.  Moreover, Mr. Quiroz does not

explain how any of his family members could offer relevant testimony about the allegations in

the complaint.  Moreover, the fact that defendant Hall works in an unspecified Chicago suburb is

not meaningful given that he lives in Indiana and the two fora are quite close.  Neither side has

identified any non-party witnesses who are outside the subpoena power of one of the districts at

issue but within the subpoena power of the other district.  *See* Fed. R. Civ. P. 45(b).  Thus, while

the defendants' submission could be more detailed, Mr. Quiroz has not identified any witnesses

who tilt the balance away from Indiana.

### 2.      The Interests of Justice

When evaluating the interests of justice, the court considers: (1) the respective forums'

familiarity with the applicable law; (2) the forums' relationship with the cause of action; and (3)

"the speed at which the case will proceed to trial."  *Research Automation,* 526 F.3d at 978.

#### a.      Familiarity with the applicable law

Four out of the five counts in this case (false arrest, failure to intervene, due process, and

conspiracy) are based on federal law, and both courts are equally able to apply federal law.  Mr.

Quiroz, however, also contends that the defendants are liable for malicious prosecution under

Indiana law.  The elements of the tort of malicious prosecution in Illinois and Indiana are

essentially the same. *See Joiner v. Benton Community Bank*, 82 Ill.2d 40, 45 (Ill. 1980) (to establish malicious prosecution under Illinois law, a plaintiff must allege facts showing: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff") (internal quotations omitted); *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005) (to establish malicious prosecution under Illinois law, a plaintiff must allege facts showing: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor"). Nevertheless, a federal court sitting in Indiana is unquestionably more familiar with how an Indiana state court would apply Indiana law. This factor thus weighs in favor of transfer.

### b. Relationship of Communities to Litigation

Finally, the court considers the interest and relationship that both this district and the Northern District of Indiana have with this cause of action. Indiana has a very substantial relationship with this action as the allegedly baseless arrest warrant was issued in Indiana and Mr. Quiroz was prosecuted there. On the other hand, Mr. Quiroz lives in Illinois, which has an interest in ensuring that the rights of its citizens are redressed. This factor thus does not favor either party.

### c. Speed of Resolution

The court must also consider the expected time in which each court could resolve this case. This court believes that the cases would be decided in approximately the same amount of

time so this factor is in equipoise.

In sum, neither forum is exceptionally inconvenient for either side given the close distance between them. Moreover, the fact that Mr. Quiroz lives in this district and wishes to litigate his claims here militates against transfer. However, the search and arrest in Illinois are not at issue. The situs of material events is Indiana, the convenience of witnesses factor favors Indiana, and Mr. Quiroz has included a claim based on Indiana law. Accordingly, after careful consideration of the parties' filings, the court finds, in its discretion, that when all of the factors are balanced, the convenience of the witnesses and the interests of justice are served by transfer. This case is, therefore, transferred to the United States District Court for the Northern District of Indiana.

### III.    Conclusion

For the reasons set forth above, the defendants' motion to transfer [76] is granted. The clerk is directed to transfer this case forthwith to the United States District Court for the Northern District of Indiana. In light of this ruling, the court will not consider the defendants' motion to dismiss [71].

DATE:   April 23, 2012

Blanche M. Manning
United States District Judge